condition that the appellants pay to the relator all the costs of the proceeding up to this time.

Motion for reargument denied, with leave to the appellants to apply at special term to vacate the final order, and put in new opposing affidavits, upon such terms as shall be just.

---

## WEBER v. THOM.

(Supreme Court, Appellate Division, Second Department. July 11, 1898.)

REVIEW—CONFLICTING EVIDENCE—JURY'S FINDING OF FACT—CONCLUSIVENESS.
　　Where the evidence on a question of fact was conflicting, the finding of the jury will not be disturbed on appeal.

Appeal from special term, Orange county.

Action by James Thom against Charles Weber. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

W. J. Foster, for appellant.
A. H. F. Seeger, for respondent.

GOODRICH, P. J.    The plaintiff, as agent of one Edward D. Pierson, a dealer and shipper of milk, from Orange county to New York City, brings this action under section 29 of the domestic commerce law (5 Rev. St. [9th Ed.] p. 3518), to recover a penalty of $50 for the unlawful use of a milk can belonging to Pierson. The can was in use at premises on Amsterdam avenue, in the city of New York, where a Ferris Wheel was in operation, and was used to contain water to be supplied to the engines. The main question of fact was whether the can was being used by the defendant and his employés, or by his son and his employés. There was contradictory evidence tending to show the ownership and operation of the wheel, and the collection of entrance fees, both by the defendant and his son, as bearing upon the identification of the person using the can; so that the question was one clearly for the consideration of the jury, to whom the court submitted the subject, under a specific and proper direction. The finding of the jury was for the plaintiff, and is not to be disturbed.

Judgment and order affirmed, with costs.    All concur.

---

(23 Misc. Rep. 605.)

### HAINES v. KINDERHOOK & H. RY. CO. et al.

(Supreme Court, Special Term, New York County. June, 1898.)

RAILROAD CORPORATION—REORGANIZATION COMMITTEE — POWERS—QUALIFICATION OF MEMBERS.
　　By the bondholders' agreement, a reorganization committee of a railway company was appointed, consisting of nine members, who were to constitute the first board of directors, and, after the reorganization of said board, were to form ex officio, the committee. The committee was em-

powered to hold and vote 60 per cent. of the stock until such time, not to exceed five years from the sale, as the condition of the road should, in its judgment, warrant the distribution thereof among the bondholders. The committee was empowered to fill vacancies in its number. Two members of the committee died, and five of the remainder disposed of all their stock and bonds in the new company. *Held*, that, until the board of directors was reorganized by the election of a new board, it was the right of the seven members of the committee, whether they had disqualified themselves from becoming directors by disposing of their stock and bonds or not, to vote the trust stock and elect· a new board of directors from persons duly qualified, and distribute the stock when, in their judgment, the condition of the road should warrant it.

Action by Charles D. Haines, suing on his own behalf, etc., against the Kinderhook & Hudson Railway Company and others, to enjoin members of a reorganization committee from acting. Injunction denied as to certain defendants.

John Delahunty, for the motion.
Countryman, Du Bois & Bevans, opposed.

DALY, J. Plaintiff asks for an injunction restraining the individual defendants, during the pendency of the action, from acting any longer as a "Reorganization Committee," and voting as such upon 60 per cent. of the stock of the Kinderhook & Hudson Railway Company, under a certain bondholders' agreement and plan of reorganization, to which plaintiff and other bondholders of the former Kinderhook & Hudson Railway Company were parties. Under the plan of reorganization and distribution of stock and bonds of the new corporation, the reorganization committee and their successors were to hold 60 per cent. of the stock, with power to vote thereon "until such time, not to exceed five years from the date of the sale of the property, as the condition of the road shall, in their judgment, warrant the distribution thereof among the bondholders"; and the plan further provided that "the nine members of the reorganization committee shall constitute the first board of directors of the company, and after the reorganization of the said board the directors shall ex officio form the said committee." Two of the said nine members have died, and five of those remaining have disposed of all their stock and bonds of the new company. It is the contention of the plaintiff that those five parties are disqualified to act as directors, and consequently as committeemen, and have therefore no right to vote upon the said stock for a new board of directors. The question turns upon the construction to be placed upon the clause of the plan of reorganization last quoted, which provides that the members of the reorganization committee shall constitute the first board of directors of the company, and after the reorganization of the said board the directors shall ex officio form the said committee. Until the board is reorganized, the original members of the committee continue to act as such, and to exercise the power of voting upon the 60 per cent. of stock. What is the reorganization of the board contemplated by the agreement? The "said board" refers to the board of the new corporation constituted of the nine members of the committee. So far that original board has not been changed or reorganized in any way,

nor is it easy to see how it can be, except by the election of a new board. It may be that such of the original committee as have parted with their stock have no right to act as directors, but that does not affect their right to act as committeemen, so long as they remain committeemen, and this, it would seem, they continue to do until the board of directors is reorganized by an election of a new board. There may be vacancies in the board, therefore, but not in the committee. The committee was the original trustee of the power of control, and is still in existence save as to the two members who have died, but, as it is empowered to fill vacancies in its own body and to act by a vote of the majority, it is still competent to fulfill its duties. Under this view, it would seem to be the duty of all the individual defendants to vote upon the trust stock, and the claim made by two of them in their separate answer, that Hosford and Stott alone now constitute the reorganization committee, because they retain their stock in the company, is not well founded; and an injunction should issue restraining them, as a minority of the committee, from exercising the exclusive right of voting the 60 per cent. of stock held in trust by said committee. It follows that in the seven individual defendants resides the sole power to elect the new board of directors. Their choice is confined, of course, to persons duly qualified. The latter will become, as the reorganized board under the agreement, ex officio the reorganization committee, with power of self-perpetuation, subject to the limitations imposed in the agreement. That is precisely what was contemplated by the agreement, and the majority stockholders cannot now complain as long as the defendants act in good faith. The object of the agreement was to take the control of the new corporation out of the hands of the majority, and to place it in the hands of a designated committee, with virtual power of self-perpetuation, until the expiration of the limit of five years. In short, the purpose of the agreement to which the plaintiff originally assented was to prevent the very thing which he now seeks to accomplish. The discretion vested in the committee by the agreement cannot be interfered with upon an allegation that they contemplate acting in the interest of the minority stockholders, without clear proof that such interests are plainly inimical to the interest of the corporation. The ultimate object of this action is to compel the immediate distribution of the 60 per cent. of trust stock. That is to be done when, in the judgment of the committee, the condition of the road shall warrant it. The present prosperity of the road is no valid reason for taking that discretion out of the control of the committee, but rather the contrary. The members of the committee seem to have been originally trusted as individuals, irrespective of their financial interest in the old or new company, for the bondholders' agreement, which was the foundation of the reorganization, authorizes their acquiring an interest in the property or in any syndicate formed for effecting a reorganization. This implies that they were not stockholders or bondholders when originally selected as trustees, and is adverse to the contention that they become disqualified to act when they cease to be stockholders. The injunction as against the defendants, other than Hosford and Stott, is dissolved. The two

defendants named are enjoined from voting otherwise than with all
the other individual defendants as a committee upon the 60 per cent.
of stock in question.    The motion to continue the injunction is other-
wise denied.    Ten dollars costs of motion to plaintiff against the
defendants' answering.    Ordered accordingly.